09-4466-cv
*Gleis v. Buehler*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26ᵗʰ day of April, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> LEWIS A. KAPLAN,[*]
> > *District Judge.*

_____

NANCY GLEIS,

> *Plaintiff-Appellant*,

> v.                                            09-4466-cv

JOHN BUEHLER, SEAN COONEY, CITY OF STAMFORD,

> *Defendants-Appellee*s.

_____

---

[*] The Hon. Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:        Nancy Gleis, *pro se*, Acton, MA

FOR APPELLEES:        James V. Minor, Assistant Corporation Counsel, City of Stamford Law Department, (Michael D. Larobina, Director of Legal Affairs, on the brief), Stamford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Martinez, *M.J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Nancy Gleis, *pro se*, appeals from a March 29, 2007 judgment and a March 26, 2007 order of the United States District Court for the District of Connecticut (Martinez, *M.J.*), granting summary judgment in favor of Defendants-Appellees John Buehler and Sean Cooney, members of the Stamford, Connecticut police department, and the City of Stamford (collectively "Defendants") and dismissing her 42 U.S.C. § 1983 complaint asserting claims for false arrest, malicious prosecution, failure to "supervise and intervene," due process, conspiracy, and violations of Connecticut state law. In brief, Gleis had an altercation with Angela McKinley in a Stop & Shop parking lot on May 10, 2002, during which, McKinley alleged, Gleis shouted profanities at McKinley and her daughter and drove her car at the McKinleys as if intending to run them over. McKinley filed a sworn affidavit detailing the incident with Defendant Buehler of the Stamford, Connecticut police. Two days later, Gleis faxed a letter to Defendant Cooney, a Sergeant in the police department, disputing McKinley's description of the event; she also stated "I . . . contacted Stop & Shop and requested that no video tapes of the parking area near the outdoor plants be erased. (Stop & Shop has two cameras in that area outside the store.)." Appellant's App. 18. In his application for a warrant for Gleis's arrest, Defendant Buehler stated that he received Gleis's fax and

that it admitted certain details of the incident, but he did not mention Gleis's reference to surveillance tapes.  A warrant was issued for Gleis's arrest on May 21, 2002, but Gleis was not arrested until October 23, 2002, several months after the surveillance tapes were destroyed by Stop & Shop in the ordinary course.  The criminal charges against Gleis — risk of injury to a child, second degree assault, and second degree breach of the peace — were dismissed with prejudice in December 2004.  Gleis subsequently brought the present action.  We assume the parties' familiarity with the remaining facts, the procedural history of the case, and the issues presented on appeal.

As a preliminary matter, because Gleis does not challenge on appeal the magistrate judge's denial of her motion for reconsideration, we need not review that decision.  *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).  Moreover, although Gleis on appeal asks us to consider her motion to vacate her case's reference to a magistrate judge, Gleis did not file a notice of appeal of the magistrate judge's order rejecting this motion below; consequently that order is not before us on appeal.

We review grants of summary judgment *de novo* and ask  whether the district court correctly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law.  *See Miller v. Wolpoff & Abrams, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).  In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible inferences in favor of the party against whom summary judgment is sought."  *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trs. of Columbia Univ. in the City of N.Y.*, 131 F.3d 305, 312 (2d Cir. 1997) (internal quotation marks omitted).

1.  Gleis's False Arrest Claim

3

Gleis's false arrest claim is governed by Connecticut law, *see Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004), which "places the burden of proving an unlawful arrest on the plaintiff," *Russo v. City of Bridgeport*, 479 F.3d. 196, 203 (2d Cir. 2007). "[I]n Connecticut, a false arrest claim cannot lie when the challenged arrest was supported by probable cause." *Id.* Normally the issuance of a warrant by a neutral magistrate creates a presumption that there was probable cause. *See, e.g.*, *Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007). To rebut this presumption, the plaintiff must show that "the officer submitting the probable cause affidavit 'knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit' or omitted material information, and that such false or omitted information was 'necessary to the finding of probable cause.'" *Soares v. State of Conn.*, 8 F.3d 917, 920 (2d Cir. 1993) (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870-71 (2d Cir. 1991)). "An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995). Generally, "once an officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (quoting *Ricciuti v. N.Y. City Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997)) (internal quotation marks and alteration omitted).

Gleis contends that her October 23, 2002 arrest pursuant to an arrest warrant was not supported by probable cause because Officer Buehler knowingly or recklessly omitted any reference to the surveillance tapes in the affidavit he filed with the warrant application and that this omission

4

was "necessary to the finding of probable cause." We disagree. Buehler had probable cause to arrest Gleis based on McKinley's sworn statement describing the incident. The substance of the fax Gleis sent to the Stamford Police Deparment — which merely asserted that surveillance tapes existed — simply constituted a competing version of the relevant events, which Defendants were required neither to consider nor investigate before seeking an arrest warrant. Nor was the omission of any mention of the surveillance tapes from the warrant application "necessary to the finding of probable cause." *Soares*, 8 F.3d at 920. The contents of the surveillance tapes, as described by Gleis's fax, were not "plainly exculpatory evidence" known to the Defendants at the time of the arrest. *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006). Therefore we conclude the district court correctly granted summary judgment in favor of Defendants on this claim.

2. Gleis's Remaining Claims

After our independent review of the record, we conclude that the district court correctly granted summary judgment to the Defendants on Gleis's remaining claims, and we affirm the judgment as to those claims for substantially the same reasons as articulated in the magistrate judge's thorough and well-reasoned opinion. *See Gleis v. Buehler, et al.*, No. 3:04CV2217 (D. Conn. Mar. 26, 2007). To the extent Gleis argues that Defendants violated her due process rights by unreasonably delaying the execution of the warrant, it is well established that "to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." *United States v. Lovasco*, 431 U.S. 783, 791 (1977). Gleis has produced no evidence indicating that police delayed solely "to gain tactical advantage" over her, *United States v. Marion*, 404 U.S. 307, 324 (1971), and has not raised a persuasive argument regarding why any "delay" in arresting her before June 8, 2002, the day the

surveillance tapes were destroyed, was unreasonable.

We have carefully considered Appellant's remaining arguments on appeal and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk